KELLAN S. PATTERSON, ESQ. SB No. 307190
**Law Office of Kellan Patterson**
770 L Street, Suite 950
Sacramento, CA 95814
P: (916) 905-4464
F: (916) 721-2742
E: info@kellanpatterson.com

Attorney for Plaintiff TRAVIS KING

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS KING, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SACRAMENTO, as an municipality, JONATHAN HOUSTON, in his individual capacity, ANTHONY BOLER, in his individual capacity, ERIC KLOCKENBRINK, COSTCO WHOLESALE CORPORATION and DOES 1-100;<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **42 U.S.C. § 1983 (Violation of Fourth Amendment Right Unreasonable Seizure)**<br><br>2. **Monell Claim**<br><br>3. **Negligence**<br><br>4. **False Arrest**<br><br>5. **Intentional Infliction of Emotional Distress**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.  This case arises out of the unlawful arrest and jailing of TRAVIS KING by Sacramento City Police Officers, JONATHAN HOUSTON and ANTHONY BOLER aided by a COSTCO WHOLESALE CORPORATION employee, ERIC KLOCKENBRINK. On March 7, 2019, a burglary took place at Costco Wholesale located at 1600 Expo Parkway, Sacramento, CA. The assailants were captured on video. The same day, TRAVIS KING was at work making a honest living as an electrician.

1

2. Although KING looked nothing like the alleged assailant pictured in the video, KLOCKENBRINK unreasonable and erroneously selected KING as being the assailant in the March 7, 2019 incident. Furthermore, BOLER and HOUSTON intentionally disregard clear evidence that KING was not the assailant captured in the video and took affirmative actions to falsely implicated KING as a suspect in the March 7, 2019 incident. BOLER's and HOUSTON's conduct caused the issuance of a warrant for the arrest of KING. KING was later picked up on this warrant on or about June 20, 2019. KING spent several weeks in jail. Once the video evidence was brought to the attention of the deputy district attorney, KING's case was dismissed in the interest of justice as the video clearly showed KING was not the assailant captured in the video.

**JURISDICTION**

3. This action arises under federal statutes, 42 U.S.C. §§ 1983, 1988. Plaintiff, TRAVIS KING is a resident of Sacramento County, California. Mr. KING was arrested and jailed by Sacramento Police Department officers in Sacramento, California. Mr. KING suffered and continues to suffer from the unlawful arrest and jailing caused by the action of Defendants. Defendants' conduct violated Mr. KING's right to be free from unreasonable searches and seizures.

**VENUE**

4. Venue is proper in the Eastern District of California because a substantial part of the events or omissions giving rise to the claims occurred in the District. The injury took place within the Sacramento City limits. Additionally, the defendant officers are employed by the City of Sacramento, KLOCKENBRINK works in Sacramento, California and COSTCO WHOLESALE CORPORATION operates a business in Sacramento, California.

**PARTIES**

5. Plaintiff TRAVIS KING, a black man and a citizen of the United States of America resides in Sacramento, California.

6. Defendant, CITY OF SACRAMENTO is a lawfully incorporated municipality organized under the laws of California. It has establish the Sacramento Police Department to offer law

enforcement service to citizens with the City of Sacramento city limits. CITY OF SACRAMENTO is the employer of peace officers JONATHAN HOUSTON and ANTHONY BOLER.

7. Defendant JONATHAN HOUSTON, is a peace officer, employed by the City of Sacramento Police Department.

8. Defendant ANTHONY BOLER, is a peace officer, employed by the City of Sacramento Police Department.

9. Defendant COSTCO WHOLESALE CORPORATION (hereinafter "COSTCO"), is a registered corporation under the laws of the State of California. COSTCO is vicariously liable for all tortious conduct done by KLOCKENBRINK in the performance of his job duties.

10. Defendant ERIC KLOCKENBRINK is an employee of COSTCO and is believed to be a resident of the County of Sacramento.

## PROCEDURAL MATTERS

11. TRAVIS KING is in compliance with the California Government Torts Claim Act as he filed a claim with the City of Sacramento on or about December 10, 2019. The City of Sacramento rejected the claim on or about January 2, 2020.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12. On May 7, 2019, at approximately 3:27 p.m., Sacramento Police Department responded to a burglary call at 1600 Expo Parkway in Sacramento, California.

13. Two assailants had stolen about $2,400 worth of merchandise from COSTCO. The suspects had fled the store with the merchandise inside of a shopping cart.

14. COSTCO employees, including KLOCKENBRINK, Timothy Davis and Daniel Buckner chased after the suspects. They witnessed the suspects get into a Cadillac CTS.

15. Daniel Buckner had recorded parts of the incident on his cell phone.

16. KLOCKENBRINK and Mr. Davis were contacted by BOLER on May 7, 2019 shortly after the incident.

17. BOLER was advised by KLOCKENBRINK that two black male adults in their 20's or 30's had stolen approximately $2,400 worth of merchandise from the store and that video

3

surveillance had captured the suspects.

18. BOLER reviews the video surveillance and is able to articulate the features of the suspects. BOLER notices that one of the suspects is approximately five feet and ten inches tall, has a medium build and a short afro. The video also shows that he is of a darker skin complexion. The other suspect is approximately six feet tall with a medium build and has a developing bald spot on the top of his head.

19. The very next day, police officers performed a traffic stop on the vehicle which was used as the get-away vehicle for the Costco burglary. The driver of the vehicle was Keyauntay Head. BOLER notes in his report that per the body worn camera footage from the officers performing the stop, Head appeared to be the same suspect observed in Costco who was wearing the white shirt as he was still wearing the same clothing he was wearing when the theft from Costco occurred. The individual wearing the white shirt was the individual described as five-feet ten-inches tall, short afro and having a dark skin complexion.

20. BOLER performed a records check of the vehicle the assailants used to drive away from Costco. The records check indicated that the vehicle had expired registration from March 12, 2018. Furthermore, the records check indicated that the vehicle was at one time registered to 4023 23rd Avenue in Sacramento, California. BOLER explained that he was able to locate KING as an individual that lived at that address. BOLER then writes in his report: "Based on [KING's] booking photograph and physical descriptors, [KING] appeared to be the suspect wearing the yellow hoodie." This was an intentionally false statement made by BOLER.

21. The suspect in the yellow shirt, caught on camera, is approximately six feet tall and clearly is taller than Head, has a medium to muscular build, has a brown complexion, and is clearly balding at the top of his head. KING is five-feet eight-inches tall, has a skinny build, has a dark complexion and has a head full of hair in the style of an afro. KING looks nothing like the suspect wearing yellow depicted in the store's surveillance video.

22. On May 9, 2019, BOLER contacted Mr. Davis and KLOCKENBRINK to determine if they could identify the suspects that they saw stealing on May 7, 2019.

23. BOLER's body worn camera was allegedly not activated during this procedure.

24. Mr. Davis was unable to identify neither Head nor KING in the two photo lineups.

25. Strangely, KLOCKENBRINK was not able to identify Head but was able to identify KING.

26. HOUSTON applied for an arrest warrant and intentionally included false information. In the application for the arrest warrant, HOUSTON intentionally left out the fact that the suspect in the yellow shirt was noticeably taller than the suspect in the white shirt and was perceived to be around six feet tall. HOUSTON further included in the application that KING appeared to be the same person in surveillance video wearing yellow.

27. HOUSTON was aware of the falsity of the above statement because he described KING as being five-feet nine-inches tall and only 150 pounds in the application for the warrant. HOUSTON, on the other hand, describes Head as being 5 feet 10 inches tall and being 205 pounds in the same application. HOUSTON intentionally applied for a warrant to arrest KING who was smaller and shorter than Head knowing precisely that the real suspect was taller and larger than Head.

28. Based on the erroneous and incomplete warrant application, an warrant was issued for the arrest of KING.

29. On or about June 20, 2019, KING was arrested on this warrant.

30. As KING did not have the money to bail out immediately, KING was subjected to being detained in Sacramento County Jail for several weeks.

31. After receiving the Costco video surveillance, KING's defense counsel brought the video to the attention of the deputy district attorney.

32. The same video surveillance that the defendant officers had reviewed was the catalyst behind the immediate dismissal of the criminal complaint against KING.

**FIRST CAUSE OF ACTION**
**Violation of the Fourth Amendment of the United States Constitution-Unlawful Seizure**
**42 U.S.C. § 1983**
(Brought by TRAVIS KING, against Defendants BOLER and HOUSTON)

33. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 of this Complaint.

34. Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures because Defendants' lacked the requisite probable cause to arrest Plaintiff.

35. Defendants conduct and intentional omissions were performed while they were acting under color of state law which resulted in the constitutional deprivation of KING's constitutional rights and also resulted in serious emotional and mental injuries.

36. Defendants BOLER and HOUSTON acted in reckless and callous disregard for the constitutional rights of KING. Their wrongful acts were willful, oppressive, fraudulent and malicious.

37. The unreasonable, fraudulent, oppressive and malicious conduct and omissions, causing the constitutional deprivation and injury to KING, legally, proximately, and foreseeably caused KING to be a "party injured" by the constitutional violation to KING within the meaning of section 1983.

38. The unreasonably, fraudulent, oppressive and malicious conduct and omissions causing the constitutional deprivation and injury to KING legally, proximately and foreseeably caused Plaintiff to suffer damages according to proof at the time of trial. Those damages are both economic and non-economic and include emotional distress, pain and suffering. Plaintiff is also entitled to attorney fees and costs of suit herein pursuant to Title 42, section 1983, et seq. of the United States Code.

**WHEREFORE**, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### Monell: 42 U.S.C. Section 1983
(Brought by KING, against CITY OF SACRAMENTO and Does 1-25)

39. Plaintiff re-alleges and incorporate by reference herein paragraphs 1 through 38 of this Complaint.

40. Plaintiff is informed and believes and thereon alleges that high-ranking City of Sacramento officials, including high-ranking police supervisors and DOES 1 through 25, and/or each of them, knew and/or reasonably should have known about the repeated acts of unconstitutional conduct resulting in unlawful seizures by Sacramento Police officers.

41. Despite having such notice, Plaintiff is informed and believes and thereon alleges that

6

City of Sacramento and DOES 1 through 25, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by the Sacramento Police Department, which brought about Defendants HOUSTON and BOLER unlawfully using techniques and tactics to create reports and warrant applications that distort facts and disregards exculpatory evidence used to arrest KING.

42. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants HOUSTON and BOLER and/or each of them, Defendant CITY OF SACRAMENTO and/or DOES 1-25 ratified and encourage these officers to continue their course of misconduct.

43. Plaintiff further alleges that Defendants CITY OF SACRAMENTO and DOES 1 through 25 and/or each of them, were on notice of the Constitutional defects in their training of Sacramento police officers, including, but not limited to: unlawfully using techniques and tactics to create reports and warrant applications that deprive the constitutional rights of citizens.

44. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City of Sacramento officials, including high ranking Sacramento Police Department supervisors, DOES 1 through 25, and/or each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to: the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution; and the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment of the United States Constitution.

**WHEREFORE**, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**Negligence**
(Brought by KING against HOUSTON, BOLER, KLOCKENBRINK, and COSTCO)

45. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 44 of this Complaint.

46. On or about June 20, 2019, KING was arrested by Sacramento Police Department Officers

1 at his residence in Sacramento, California

47. Defendant BOLER, created a report that intentionally misrepresented fact in that he explained that KING appeared to be the individual captured in a video surveillance. BOLER additionally omitted facts in his report that KING had no shared features with the suspect captured in the video other than being black males.

48. Defendant HOUSTON, created a warrant application that intentionally misrepresented fact in that he explained KING appeared to be the individual captured in a video surveillance. KING additionally omitted facts in his warrant application that KING had no shared features with the suspect captured in the video other than being black males and that KING was substantially smaller than the suspect he was believed to be captured in the video surveillance.

49. Officers BOLER and HOUSTON failed to utilize further investigative tools and measures to determine whether KING was actually the individual depicted in the surveillance video. Officer BOLER and HOUSTON intentionally ignored all indicators which provided that KING was not the suspect.

50. KLOCKENBRINK also provided intentionally false statements regarding KING being involved in the May 7, 2019 burglary of COSTCO. KLOCKENBRINK had express knowledge of the physical features of the assailant in yellow as he was captured on video surveillance. KLOCKENBRINK intentionally refused to utilize the video surveillance to assist with potentially identifying the suspect or intentionally conspired with BOLER to select KING to be the assailant wearing the yellow shirt or both. KLOCKENBRINK performed his duties as a loss and prevention officers unreasonably given that he intentionally selected an individual who looks nothing similar to the individual depicted on camera. At the time KLOCKENBRINK was acting unreasonable as mentioned herein, he was employed by COSTCO. By the principles of respondeat superior, COSTCO is vicariously liable for the negligence of KLOCKENBRINK.

51. The result of Defendants BOLER's and HOUSTON's conduct caused Plaintiff to suffer great mental and emotional injuries

52. As a direct and legal result of the negligence of Defendants BOLER and HOUSTON, and each of them, KING was serious injured.

53. As a further direct and legal result of the negligence of Defendants BOLER and HOUSTON and each of them, Plaintiff has incurred special and general damages.

**WHEREFORE**, Plaintiff prays judgment against Defendants as hereinafter set forth.

### FOURTH CAUSE OF ACTION
#### False Arrest
(KING Against BOLER and HOUSTON)

54. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 52 of this Complaint.

55. On or about May 8, 2019, Officer BOLER drafted a report which he intentionally stated erroneous facts regarding KING appearing to be an individual depicted in the COSTCO's surveillance video and intentionally omitting facts regarding KING's appearance that directly conflicts with the notion that KING could have been the suspect depicted in the surveillance video. Detective HOUSTON then regurgitated these facts and omissions while applying for an arrest warrant of KING.

56. Plaintiff did not commit any offense and defendants did not have any reasonable cause for believing that plaintiff committed any offense.

57. As a proximate and direct result of the acts alleged in this complaint, plaintiff was deprived of his freedom and was subjected to severe injury at the time of her arrest and incarceration, incurred legal expenses including an amount posted for bail and legal fees, and in addition suffered mental and physical anguish, anxiety and embarrassment, all to his detriment in an amount to be determined at trial.

**WHEREFORE**, Plaintiff prays judgment against Defendants as hereinafter set forth

### FIFTH CAUSE OF ACTION
#### Intentional Infliction of Emotional Distress
(KING Against BOLER, HOUSTON, KLOCKENBRINK and COSTCO)

58. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 56 of this Complaint.

59. Defendants' above-described conduct was extreme, unreasonable and outrageous. Defendants' had no legal justification for intentionally creating erroneous facts, report and warrant application to affect the arrest of KING.

60. In engaging in the above-described conduct, Defendants intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff would suffer extreme emotional distress as a result of Defendants' conduct.

**WHEREFORE,** Plaintiff prays for relief as hereinafter set forth.

## PRAYER

**WHEREFORE**, Plaintiff prays for relief, as follows:

1. For general damages in a sum to be determined according to proof;
2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;
3. As to the First, Second and Fifth Causes of Actions, for punitive and exemplary damages against Defendants in amounts to be determined according to proof;
4. For reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;
5. For any and all statutory damages allowed be federal and state law;
6. For cost of suit herein incurred; and
7. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on the issue so triable herein.

DATED: May 13, 2019          LAW OFFICE OF KELLAN PATTERSON

By: _____/s/ Kellan S. Patterson_____,
Kellan Patterson
Attorney for Plaintiff TRAVIS KING