UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Travis King, | No. 2:20-cv-01326-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| City of Sacramento, et al., | |
| Defendants. | |

Plaintiff Travis King sues the City of Sacramento, Jonathan Houston, Anthony Boler, Eric Klockenbrink and Costco Wholesale Corporation for alleged constitutional and state law violations arising from plaintiff's arrest. Klockenbrink and Costco (collectively "defendants") move to dismiss King's state law claims against them under California's anti-Strategic Lawsuits Against Public Participation ("anti-SLAPP") statute, California Code of Civil Procedure section 425.16. The court submitted the motion on the briefs without oral argument. For the following reasons, the court **grants in part and denies in part the motion to dismiss**.

**I.     BACKGROUND**

Eric Klockenbrink is a loss and prevention officer with Costco Wholesale. First Am. Compl. (FAC) ¶ 50, ECF No. 5. On May 7, 2019, there was a burglary at a local Costco

Wholesale location.[1]  *Id.* ¶ 12.  Klockenbrink and other Costco employees chased after the burglars and witnessed them get into a vehicle.  *Id.* ¶ 14.  One employee recorded "parts of the incident on his cell phone."  *Id.* ¶ 15.  The burglars' images were also captured on surveillance video.  *Id.* ¶ 17.

That same day, police officer Anthony Boler contacted Klockenbrink, who said two "black male adults" in their twenties or thirties stole $2,400 worth of merchandise from the store. *See id.*  Boler reviewed the video surveillance showing two suspects: one was approximately five feet and ten inches tall, with a medium build and short afro; the second was approximately six feet tall, with a medium build and a bald spot on the top of his head.  *Id.* ¶ 18.

The next day, police officers performed a traffic stop on the getaway vehicle used for the burglary, identified by Boler from the Costco video surveillance.  *See id.* ¶ 19.  Boler "performed a records check" and determined the getaway vehicle was once registered to the same address where King now lived.  *Id.* ¶ 20.

On May 9, 2019, two days after the burglary, Boler asked Klockenbrink and another Costco employee who witnessed the crime to identify the suspects.  *Id.* ¶ 22.  Boler conducted a photo lineup, which included a photograph of King.  *See id.* ¶¶ 24–25.  Klockenbrink's colleague did not identify either suspect.  *Id.* ¶ 24.  Klockenbrink identified King but did not identify a second suspect.  *Id.* ¶ 25.  Police obtained a warrant and arrested King.  *Id.* ¶¶ 26–29.  Upon reviewing Costco's surveillance video, the deputy district attorney dismissed the criminal charges against King "in the interest of justice" as the video "clearly showed" King was not the assailant captured in the video.  *Id.* ¶¶ 32, 65.

King brings the following state law claims against Klockenbrink and Costco: negligence, *see id.* ¶¶ 45–53; intentional infliction of emotional distress, *id.* ¶¶ 58–61; and malicious prosecution, *id.* ¶¶ 62–70.  The court has jurisdiction in this case under 28 U.S.C. §§ 1331 and 1367, as this action includes claims that arise under the U.S. Constitution and related state law

---

[1] The court notes in the amended complaint plaintiff provides inconsistent allegations as to the date the burglary occurred, identifying both "March 7, 2019," FAC ¶¶ 1, 2, and "May 7, 2019," FAC ¶¶ 12, 16, 22, 50.

2

1  claims. Defendants move to dismiss all state law claims against them under California's anti-
2  SLAPP statute. Mot. Dismiss at 1–2, ECF No. 6. King opposes. Opp'n, ECF No. 13.
3  Defendants have replied. Reply, ECF No. 17. As noted, the court submitted the matter on the
4  papers. Min. Order, ECF No. 12.[2]

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

Defendants' motion is based on Federal Rule of Civil Procedure 12(b)(6) as well as the anti-SLAPP statute. *See* Mot. Dismiss at 2. A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019). If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations elements do not alone suffice. *Id*. (quoting *Twombly*, 550 U.S. at 555). This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id*. at 679.

/////

---

[2] Plaintiff's counsel submitted the opposition five days late and now seeks relief from failing to comply with a court order. App. for Relief from a Ct. Order, ECF No. 14. Defendants oppose. Defs.' Opp'n to Pl.'s App. for Relief, ECF No. 15. The court finds King's late filing is the result of "excusable neglect" within the terms of Rule 6 and therefore grants the application for relief. Fed. R. Civ. P. 6(b)(1)(B). At the same time the court admonishes plaintiff's counsel to strictly adhere to court-ordered deadlines and the local rules in the future to avoid their strict application.

### B. Anti-SLAPP

A court considering a motion to dismiss under California's anti-SLAPP statute must engage in a two-part inquiry in analyzing the allegations. "First, a defendant 'must make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech.'" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003) (quoting *Globetrotter Software, Inc. v. Elan Comput. Grp., Inc.*, 63 F. Supp. 2d 1127, 1129 (N.D. Cal. 1999)). "The defendant need not show that the plaintiff's suit was brought with the intention to chill the defendant's speech; the plaintiff's 'intentions are ultimately beside the point.'" *Id.* (quoting *Equilon Enters., LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002)). Nor does the defendant bringing the motion need to show that its speech was actually chilled. *Id.* (citing *City of Cotati v. Cashman*, 29 Cal. 4th 69, 75–76 (2002)).

"Second, once the defendant has made a prima facie showing, 'the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims [as protected by the federal or state constitutions].'" *Id.* at 1109. If "the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim," the court must deny the motion. Cal. Civ. Proc. Code § 425.16(b)(1).

### III. ANALYSIS

Neither party disputes that King's three claims against defendants arise from the same nexus, Klockenbrink's communications with the police in his capacity as Costco's agent, so the court considers the claims together. *See* FAC ¶¶ 50, 60, 63. The court reviews plaintiff's allegations in light of both prongs of the anti-SLAPP statute. As explained below, the court finds defendants have carried their initial burden, and King has met his burden only with respect to his malicious prosecution claim.

#### A. Protected Activity

Klockenbrink's statements to police are protected activity. Protected activity includes "any written or oral statement or writing made in connection with an issue under consideration or review by a[n] . . . official proceeding authorized by law." Cal. Civ. Proc. Code § 425.16(e)(2). Courts have applied the statute to find communications to the police are protected under

4

California law.  *Hunsucker v. Sunnyvale Hilton Inn*, 23 Cal. App. 4th 1498, 1502–03 (Cal. Ct. App. 1994); *see also Henry v. Bank of America Corp.*, 522 F. App'x 406, 407 (9th Cir. 2013) (employee's report to police following bank robbery is protected); *Chabak v. Monroy*, 154 Cal. App. 4th 1502, 1512 (Cal. Ct. App. 2007) (private citizen's report to police is protected activity).

King's argument that Klockenbrink's communications to the police violated California Penal Code section 148.5, which prohibits making a false report to police, is unavailing.  Opp'n at 8.  "[C]onduct that would otherwise come within the scope of the [a]nti-SLAPP statute does not lose its coverage simply because it is *alleged* to have been unlawful or unethical."  *Lauter v. Anoufrieva*, 642 F. Supp. 1060, 1108 (C.D. Cal. 2009) (emphasis in original); *see also Dwight R. v. Christy B.*, 212 Cal. App. 4th 697, 711–12 (Cal. Ct. App. 2013).  While King argues his case is analogous to *Lefebvre v. Lefebvre*, 199 Cal. App. 4th 696, 705–06 (Cal. Ct. App. 2011), in which the court denied a defendant's anti-SLAPP motion because plaintiff's claim was premised on a false report, the term "false report" has a narrow legal meaning.  Specifically, section 148.5 defines false report as a report made to a peace officer "that a felony or misdemeanor has been committed, knowing the report to be false."  Cal. Penal Code § 148.5.  In *Lefebvre*, the defendant accused her former spouse of committing crimes that never occurred, and the record conclusively proved this.  199 Cal. App. 4th at 701, 705.  Here, it is undisputed Klockenbrink did not report any crimes other than the burglary.  *See* FAC ¶¶ 16–17, 22–25.  King's allegations, taken as true, do not demonstrate that Klockenbrink made a false report.  *Id*. ¶¶ 18–27.  Therefore, the court finds the first prong of the anti-SLAPP statute is satisfied.

      **B.**      **Probability of Prevailing on the Merits**

Defendants have shown Klockenbrink's speech is protected, so the burden shifts to King to demonstrate a probability of prevailing on his claims.  *Santana v. Cnty. of Yuba*, No. 2:15-00794, 2016 WL 1268107, at *8 (E.D. Cal. Mar. 31, 2016).  King "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment."  *Soukup v. Law Offices of Herbert Hafif*, 39 Cal. 4th 260, 291 (Cal. 2006).  Defendants assert an affirmative defense of absolute immunity from two of

5

King's claims, for negligence and intentional infliction of emotional distress, under California Code of Civil Procedure section 47. Mem. P. & A. at 7, ECF No. 6-2. The court addresses the immunity question first below.

### 1. Privilege

Section 47 provides that any "official proceeding authorized by law," is privileged. Cal. Civ. Proc. Code § 47(b).[3] The purpose of section 47 is to provide citizens with "free and open access to governmental agencies for the reporting of suspected illegal activity." *Williams v. Taylor*, 129 Cal. App. 3d 745, 754 (Cal. Ct. App. 1982). Section 47 applies to all tort claims except claims of malicious prosecution. *Hagberg v. California Federal Bank*, 32 Cal. 4th 350, 361 (Cal. 2004). Prior to 2021, the California Supreme Court held the privilege was absolute, so it applied "without respect to the good faith or malice of the person who made the statement." *Hagberg*, 32 Cal. 4th at 361. The California Legislature amended the law, effective January 1, 2021, to make the privilege a qualified one, Cal. Civ. Proc. Code § 47(b)(5);[4] *see Tuomela v. Waldorf-Astoria Grand Wailea Hotel*, No. 20-00117, 2021 WL 233695, at *2 n.5 (D. Haw. Jan. 22, 2021). But the amendment does not apply retroactively. *See Redick v. Lowe's Home Centers, LLC*, No. 1:21-00358, 2021 WL 3418728, at *4 (E.D. Cal. Aug. 5, 2021). Given that Klockenbrink communicated with the police in 2019, the court analyzes the immunity defense under *Hagberg*'s absolute privilege rule.

In *Titus v. County of Los Angeles*, another district court addressed a scenario factually

---

[3] "A privileged publication or broadcast is one made:
(a) In the proper discharge of an official duty.
(b) In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law."
Cal. Civ. Code § 47(a)–(b).

[4] The amended statute reads as follows:
This subdivision does not make privileged any communication between a person and a law enforcement agency in which the person makes a false report that another person has committed, or is in the act of committing, a criminal act or is engaged in an activity requiring law enforcement intervention, knowing that the report is false, or with reckless disregard for the truth or falsity of the report.
Cal. Civ. Proc. Code § 47(b)(5).

analogous to this case in considering an absolute immunity defense where it was undisputed that plaintiff was misidentified as the perpetrator of a crime he did not commit. No. CV063690, 2007 WL 9734681, at *1 (C.D. Cal. June 19, 2007). In *Titus*, the defendant, a private citizen, made a complaint to police after witnessing a crime. *See id.* Three months later, police showed the defendant a photo lineup, and she mistakenly selected the plaintiff. *Id.* at *2. Plaintiff filed a civil suit, and the defendant invoked a privilege based on section 47. *Id.* The Ninth Circuit affirmed the district court's determination that defendant's communications to police were absolutely privileged. *Titus v. Cty. of Los Angeles*, 308 F. App'x 210, 212 (9th Cir. 2009) (relying on *Hagberg,* 32 Cal. 4th at 350).

Here, Klockenbrink communicated with the police first on May 7, 2019 when he alerted them to the burglary, FAC ¶ 17, and again two days later when he identified King from a photo lineup, *id.* ¶¶ 22, 24–25. His communications, like those in *Titus*, are absolutely privileged because they spurred law enforcement personnel to respond to the burglary, which directly aligns with Section 47's policy goals. King's tort claims for negligence and intentional infliction of emotional distress claims are therefore barred. The motion to dismiss is granted as to these claims. The court turns to the malicious prosecution claim.

### 2. Malicious Prosecution

The section 47 privilege does not apply to malicious prosecution claims because "[t]he policy of encouraging free access to the courts . . . is outweighed by the policy of affording redress for individual wrongs when the requirements of favorable termination, lack of probable cause, and malice are satisfied.'" *Hagberg*, 32 Cal. 4th at 361 (quoting *Silberg v. Anderson*, 50 Cal. 3d 205, 216 (Cal. 1990)). Ultimately to prevail in his malicious prosecution claim in the face of defendants' anti-SLAPP motion, King must demonstrate "the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination favorable to the plaintiff; (2) was brought without probable cause; and (3) was initiated with malice." *Soukup*, 39 Cal. 4th at 292. A malicious prosecution claim may be brought not only against prosecutors, but also, as here, "against the individuals who wrongfully caused the

/////

prosecution." *Redick*, 2021 WL 3516657, at *6 (quoting *Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011)).

### a) Prior Action

Defendants argue there was no prior action upon which to base King's claim for malicious prosecution. Reply at 8. King argues the dismissal of criminal charges against him constitutes a prior action. Opp'n at 10–11. It is the pending charges based on King's arrest that constitute the prior action. Because King alleges that that prior proceeding was instituted as the result of fraudulent conduct, he "is not precluded from maintaining his action unless the defendants can establish that the charges were withdrawn on the basis of a compromise among the parties or for a cause that was not inconsistent with his guilt." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004). Thus, the real question in considering the first malicious prosecution element is whether the prior action was terminated in King's favor.

### b) Favorable Termination

Favorable termination "requires a termination reflecting the merits of the action and plaintiff's innocence of the misconduct." *Pattiz v. Minye*, 61 Cal. App. 4th 822, 827 (Cal. Ct. App. 1998). While dismissal of charges in the interest of justice may satisfy this element, *Titus*, 308 F. App'x at 212, dismissal of charges by a prosecutor, without more, does not establish favorable termination, *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004). Prosecutors may dismiss cases for reasons unrelated to a defendant's innocence, so courts require a plaintiff to "establish that the prior proceedings terminated in such a manner as to indicate his innocence." *Id.* The bar is not a high one: a "[p]laintiff need only allege facts showing that there is a possibility that the charges were dismissed because of doubts about . . . [p]laintiff's guilt for the claim to survive a motion to dismiss." *Redick*, 2021 WL 3207250 at *7.

King points to the dismissal of criminal charges against him as a favorable termination. FAC ¶ 65 ("The video evidence was shown to the deputy district attorney who dismissed King's case in the interest of justice."). King argues, as he has alleged, that the prosecutor only dropped the charges against him after watching the surveillance video, which clearly reflected King was not the assailant and thus innocent. Opp'n at 11; FAC ¶¶ 32, 65. Defendant counters that

plaintiff has not established "conclusively" that Klockenbrink's communication with the police "were an illegal activity under Penal Code 148.5" and thus not a protected activity. Reply at 5 (quoting *Comstock v. Alber,* 212 Cal.App.4th 931, 941 (Cal. Ct. App. 2012)). Dismissal of the charges against King by the deputy district attorney, after review of the surveillance video, supports an inference at least of doubts about King's guilt. The favorable termination requirement is satisfied.

### c)  Probable Cause

To survive a motion to dismiss, a plaintiff must put forth prima facie evidence that there was not probable cause to proceed against him. *Awabdy*, F.3d. at 1067. To determine whether probable cause exists, the trial court makes an objective determination of the reasonableness of the defendant's conduct based on the facts known to the defendant. *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 878 (Cal. 1989). When the good faith of a defendant is an element in determining whether there was probable cause, the court should submit the question to the jury, with the caveat that "when the state of the defendant's factual knowledge is resolved or undisputed," the court should decide whether probable cause existed. *Id.* at 881; *see also Litinsky v. Kaplan*, 40 Cal. App. 5th 970, 981 (Cal. Ct. App. 2019).

King focuses on what he says is the absence of probable cause based on Klockenbrink's second communication to the police two days after the burglary, arguing it was unreasonable for Klockenbrink to identify King as a suspect given his physical characteristics as contrasted to those of the actual perpetrators. Opp'n at 11. The parties agree Klockenbrink witnessed the crime in progress and had seen the surveillance video. *See* Mem. P. & A. at 13; Opp'n at 11. However, Klockenbrink "intentionally refused to utilize the video surveillance" to assist him in identifying the correct suspect. *See* FAC ¶ 50. King argues, the video "clearly [showed he] did not look like the assailant and Klockenbrink and Boler were both aware of this," undermining probable cause. Opp'n at 11. At this stage of pleading, the court takes King's allegations as true. This element weighs in favor of King's claim.

/////

### d) Malice

Whether a defendant acted with malice is a subjective question reserved for the jury. *Sheldon Appel Co.*, 47 Cal. 3d at 875. King alleges the criminal prosecution against him was initiated and pursued by defendants "maliciously and without any probable cause," *see* FAC ¶ 66, so the court finds this element is satisfied for the purposes of proving a likelihood of prevailing on the merits. *See Redick*, 2021 WL 3207250, at *8 (E.D. Cal. July 29, 2021) (explaining plaintiff's allegations that defendant "stated deliberate lies" to police as to plaintiff's involvement in a crime suffices at the pleading stage, to demonstrate malice.). Because King may establish malice, King's complaint sufficiently alleges a prima facie malicious prosecution claim. Defendants do not prevail on the second anti-SLAPP prong. The court denies defendants' motion to dismiss this claim.

## C. Leave to Amend

Granting a defendant's anti-SLAPP motion to dismiss "without granting . . . leave to amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment." *Verizon Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004). However, leave to amend may be denied if amendment would be futile. *Sylvia Landfield Trust v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013). Here, the court denies leave to amend with respect to King's negligence and intentional infliction of emotional distress claims; given the immunity bar, amendment would be futile.

## IV. CONCLUSION

For the foregoing reasons, the court **grants** the motion to dismiss plaintiff's claims of negligence and intentional infliction of emotional distress against Costco and Klockenbrink. The court **denies** Costco and Klockenbrink's motion to dismiss plaintiff's claim of malicious prosecution. Defendants are directed to file an answer to the remaining claim in plaintiff's first amended complaint within **21 days** of this order.

This order resolves ECF No. 6.

IT IS SO ORDERED. DATED: January 3, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE