1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   TRAVIS KING, an individual,                    Case No.: 2:20-cv-01326-KJM-DB

12              Plaintiff,                            **JOINT STIPULATION FOR LEAVE TO AMEND SCHEDULING ORDER AND ORDER**

13        v.

14   CITY OF SACRAMENTO, as a municipality, JONATHAN HOUSTON, in
15   his individual capacity, ANTHONY                **Honorable Kimberly J. Mueller**
     BOLER, in his individual capacity, ERIC
16   KLOCKENBRINK, COSTCO
     WHOLESALE CORPORATION and
17   DOES 1-100;

18              Defendants.

19

20                         **INTRODUCTION**

21        The Court issued an Initial Scheduling Order on December 2, 2022. (ECF No. 32) The

22   Parties have concluded their written discovery and the deposition of Plaintiff has been taken. The

23   deposition of individual defendants and Persons Most Knowledgeable have been duly noticed and

24   scheduled. However, due to the scheduling conflicts of the Parties, the depositions cannot occur

25   prior to the discovery cut-off date of April 15, 2023. In the interest of preserving judicial

26   resources, the parties have stipulated that the scheduling order shall be amended as follows: Non-

27   Expert Discovery cut-off deadline is extended 60 days to allow for the depositions of Anthony

28   Boler, Jonathan Houston, Eric Klockenbrink and Persons Most Knowledgeable as described in

                                              1

1  Plaintiff's Notice of Deposition of Costco Wholesale Corporation Pursuant to Fed. R. Civ. P.

2  30(b)(6) previously served on parties in this matter.

3  **ARGUMENT**

4  **I.    A Scheduling Order May Be Modified Upon the Moving Party's Demonstration of Good Cause.**

5

6          A district court has the inherent power to modify the due dates on its docket. This power

is "incidental to the power inherent in every court to control the disposition of cases on its docket

7  with economy of time and effort for itself, for counsel, and for litigants." *Landi v. N. Am. Co.*,

8  299 U.S. 248 (1936); *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983)

9  (holding that every court has power to manage cases on its docket and to ensure fair and efficient

10  adjudication of the matter at hand). This discretion is in keeping with the district courts' mandate

11  to construe and apply the Federal Rules of Civil Procedure to "secure the just, speedy, and

12  inexpensive determination of every action." *Fed. R. Civ. P. 1.*

13          A Scheduling Order may be modified only upon a showing of good cause and by leave of

14  the Court. *Fed. R. Civ. P. 16(b)(4)*. In considering whether a party moving for a schedule

15  modification has shown good cause, the court primarily focuses on the diligence of the party

16  seeking the modification. *Johnson v. Mammoth Recreations, Inc.* 975 F.2d 604, 609 (9th Cir.

17  1992)(citing *Fed. R. Civ. P. 16*, advisory committee's notes of 1983 amendment).

18  **II.    Parties Have Shown Good Cause To Modify The Discovery And Scheduling Order.**

19  **RECITALS**

20          WHEREAS, on December 2, 2022, The Court issued its Scheduling Order. In said Order,

21  there was no trial date set, however, the court issued a non-expert discovery cut-off date of April

22  15, 2023. Further, the Court ordered expert-discovery to be completed by August 15, 2023.

23          WHEREAS, written discovery has been completed by the Parties.

24          WHEREAS, there were technical difficulties with preparing video exhibits for the

25  depositions of defendants which caused an initial delay of noticing the depositions of the

26  individually named defendants in this action. City Defendant's attorney, Sean Richmond and

27  Plaintiff's attorney, Kellan Patterson, were able to resolve the issue on February 27, 2022.

28

2

1    WHEREAS, Plaintiff's counsel (Kellan Patterson) was in trial from March 14 through
2    March 16, 2023, in Alameda County, California.
3    WHEREAS, Plaintiff duly noticed the depositions of defendants Eric Klockenbrink and
4    Costco Wholesale Corporation (Pursuant to Fed. R. Civ. P. 30(b)(6) to take place on April 13,
5    2023.
6    WHEREAS, Plaintiff duly noticed the depositions of defendants Jonathan Houston and
7    Anthony Boler to take place on April 14, 2023.
8    WHEREAS, Matthew Jaime, attorney for Mr. Klockenbrink and Costco Wholesale
9    Corporation, notified parties that he was unavailable for the dates.
10   WHEREAS, parties have agreed to allow the aforementioned depositions to take place on
11   or prior to June 15, 2023.
12   **SO STIPULATED.**

13
14   DATED: April 12, 2023          OFFICE OF THE SACRMAENTO CITY ATTORNEY

15
16                                  By:  /s/ Sean Richmond
17                                     Sean Richmond
                                       Attorney for Defendant, City of Sacramento

18   DATED: April 12, 2023          LAW OFFICE OF MATTHENY SEARS LINKERT &
19                                  JAIME

20
21                                  By:  /s/ Matthew C. Jaime
22                                     Matthew C. Jaime
                                       Attorney for Defendants, Costco Wholesale
23                                     Corporation, Eric Klockenbrink

24
25   DATED: April 12, 2023          LAW OFFICE OF KELLAN PATTERSON

26
27                                  By:  /s/ Kellan Patterson
                                       Kellan Patterson
28                                     Attorney for Plaintiff, Travis King

3

**<u>ORDER</u>**

Having carefully considered the parties' stipulated request and good cause appearing, the court modifies the Scheduling Order as follows:

1. Non-expert discovery cut-off is extended to June 15, 2023 to allow the depositions of Jonathan Houston, Anthony Boler, Eric Klockenbrink and Costco Wholesale Corporation in accordance with Fed. R. Civ. P. 30(b)(6).

2. All previous deadlines will remain consistent with this court's order issued on December 2, 2022 (ECF No. 32).

IT IS SO ORDERED.

Dated: 04/14/2023

_____
CHIEF UNITED STATES DISTRICT JUDGE